FILED
2010 MAY 21 PM 2:53
U.S. DISTRICT COURT
... FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. ______________________

6:10-cv-825-ORL-22DAB

JANE DOE,

Plaintiff,

v.

NATHANIEL FRY; NARJOA, LTD., a foreign Corporation, and KINKYGFS.COM; MONIKER PRIVACY SERVICES, INC., a Florida corporation, and EXPOSEDEXGFS.COM; WHOISGUARD PROTECTED, INC., a foreign corporation, and SEGPAY.COM; WHOIS PRIVACY PROTECTION SERVICE, INC., a foreign Corporation, and SICKBUCKS.COM; NETBILLING.COM, a California corporation; MONIKER PRIVACY SERVICES, INC., a Florida corporation, and JETTIS.COM; MONIKER PRIVACY SERVICES, INC., a Florida corporation, and 365BILLING.COM; and John Does 1-500, individuals unknown,

Defendants.

______________________________________/

**MOTION FOR PROTECTIVE ORDER**

Plaintiff, files this Motion for Protective Order pursuant to Fed.R.Civ.P. 26(c) and Fla. Stat. §§92.56 and 794.03, and states the following in support of this Motion. In addition, Plaintiff incorporates by reference the allegations of the Complaint and the exhibits thereto.

1) Plaintiff has filed a Complaint alleging multiple violations of 18 U.S.C. §2251, et seq., pertaining to the sexual exploitation of children, and other statutory and common law violations against a number of defendants. The causes of action arise from the taking of photographs of Plaintiff, by Defendant, NATHANIEL FRY, when she was a minor, engaged in sexually explicit

conduct and the subsequent posting, display, and sale of those photographs on the Internet by the remaining Defendants.

2) This case involves allegations against a number of defendants arising from the distribution, advertisement, transportation, and sale via the Internet of photographs of the Plaintiff, taken while she was a minor, engaged in sexually explicit conduct. As more fully set forth in the Complaint, some of the defendants are located in the United States, but others are believed to be located in France and Cyprus.

3) The Website Defendants are, jointly, severally, and in concert with one another, engaged in the child pornography entertainment industry. The Website Defendants conduct their criminal enterprise electronically, using computer servers and technological equipment all over the world.

4) The Website Defendants collect money from all over the world then deposit their ill-gotten gains in foreign bank accounts. The foreign bank accounts remain beyond the reach of this Court's authority.

5) The Website Defendants temporarily maintain their ill-gotten revenues in accounts maintained by the Payment Processing Defendants, which are named as defendants only for purposes of obtaining complete injunctive relief. The Payment Processing Defendants are on-line, electronic fund depositories and registries permitting secure monetary and financial transactions between individuals, corporations, and other entities.

6) The true identity of Plaintiff is known to Defendant, NATHANIEL FRY, and will be shared with the Website Defendants and the Payment Processing Defendants at their respective requests. Plaintiff's identity has been kept confidential and anonymous in these public filings for the

purpose of protecting the privacy interests of Plaintiff in light of the highly personal and sensitive nature of the facts set forth in the Complaint.

7) No legitimate purpose would be served by disclosing the Plaintiff's true identity in the pleadings and other filings in this case. If the true identity of the Plaintiff were disclosed in the public filings in this case, the Plaintiff would be subjected to a serious invasion of her right to privacy in this newsworthy case, and her personal, business, educational, and family interests would be compromised.

8) Fla. Stat. 92.56 permits a court to hold confidential and exempt from the state's public records laws all court records that reveal the name or the victim of a criminal child exploitation charge upon a showing to the trial court that:

(a) The identity of the victim is not already known in the community;

(b) The victim has not voluntarily called public attention to the offense;

(c) The identity of the victim has not otherwise become a reasonable subject of public concern;

(d) The disclosure of the victim's identity would be offensive to a reasonable person; and

(e) The disclosure of the victim's identity would:

***

3. Cause severe emotional or mental harm to the victim;

4. Make the victim unwilling to testify as a witness; or

5. Be inappropriate for other good cause shown.

**Local Rule 3.01(g) Certification**

The Defendants have not yet been served. For reasons set forth herein, it is not in the best interests of the Plaintiff to notify all of the Defendants to seek their permission prior to filing this

Motion. Further, the true identity of many of the Defendants who have registered their internet sites through privacy screening companies is unknown at this time. If this Motion is granted, Plaintiff will serve a copy of the Protective Order on all Defendants with the Complaint.

**Memorandum of Law**

Pursuant to Rule 26(c), Fed.R.Civ.P., the Court has authority to enter an Order to protect a party from undue annoyance, embarrassment, or oppression. The Eleventh Circuit has acknowledged the Court's authority to preserve the confidentiality of sensitive materials by issuing a protective order pursuant to Rule 26(c), Fed.R.Civ.P. *See, e.g., In re Alexander Grant & Co. Litigation*, 820 F.2d 352 (11th Cir. 1987). In re Alexander involved a newspaper publisher that intervened in bankruptcy proceedings in order to request confidential information. The bankruptcy court issued a protective order pursuant to Rule 26(c). The newspaper appealed, and the Eleventh Circuit affirmed the lower court's holding that there was no right to protected information which overrode Rule 26(c)'s authorization of the issuance of a protective order for good cause shown.

Fla. Stat. 92.56 provides:

(1) All court records, including testimony from witnesses, that reveal the photograph, name, or address of the victim of an alleged offense described in chapter 794 or chapter 800, or act of child abuse, aggravated child abuse, or sexual performance by a child as described in chapter 827, are confidential and exempt from the provisions of s. 24(a), Art. I of the State Constitution and may not be made public if, upon a showing to the trial court with jurisdiction over the alleged offense, the state or the victim demonstrates that:

(a) The identity of the victim is not already known in the community;

(b) The victim has not voluntarily called public attention to the offense;

(c) The identity of the victim has not otherwise become a reasonable subject of public concern;

(d) The disclosure of the victim's identity would be offensive to a reasonable person; and

(e) The disclosure of the victim's identity would:

1. Endanger the victim because the assailant has not been apprehended and is not otherwise known to the victim;

2. Endanger the victim because of the likelihood of retaliation, harassment, or intimidation;

3. Cause severe emotional or mental harm to the victim;

4. Make the victim unwilling to testify as a witness; or

5. Be inappropriate for other good cause shown.

In the instant case, the Plaintiff's identity is not known in the community; the Plaintiff has not called public attention to the offense; the Plaintiff's identity has not become a subject of public concern; and the disclosure of the Plaintiff's identity would be offensive to a reasonable person. Further, disclosure of the Plaintiff's identity would cause her severe emotional and mental harm, possibly make her unwilling to testify as a witness, and would otherwise be inappropriate.

Plaintiff's Complaint describes details of the Plaintiff's engaging in sexual relations, while she was a minor, with Defendant, NATHANIEL FRY. No legitimate purpose would be served by disclosing the Plaintiff's true identity. If the Plaintiff's true identity were disclosed, the Plaintiff would be subjected to a serious invasion of her right to privacy and her personal, business, educational, and family interests would be compromised.

Plaintiff's identity is confidential and is properly subject to protection by entry of a protective order pursuant to Rule 26(c), Fed.R.Civ.P.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting her Motion for Protective Order and requiring the following:

(a) All parties make filings which reference the Plaintiff to use the pseudonym JANE DOE;

(b) No party, counsel, agent or any other person acting on behalf of any party publicly disclose Plaintiff's true identity;

(c) All filings which contain the true identity of the Plaintiff or information identifying the Plaintiff be sealed by the Clerk prior to filing;

(d) Any violation of this Court's Order subject the offending party, counsel, agent or any other person acting on behalf of any party to appropriate sanctions for such violation; and

(e) For such further relief as the Court deems just and proper.

COBB COLE since 1925

Date: May 20, 2010

By: ______________________
KATHRYN D. WESTON
FLA. BAR NO. 0897701
HEATHER BOND VARGAS
FLA. BAR NO. 230900
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 255-8171
Facsimile: (386) 248-0323
CO-COUNSEL FOR PLAINTIFF

MARC J. RANDAZZA
FLA. BAR NO. 625566
302 Washington Street, Suite 321
San Diego, CA 92103
Telephone: (619) 866-5975
Facsimile: (619) 866-5976
CO-COUNSEL FOR PLAINTIFF