UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

          Plaintiff,

v.                                 Case No. 6:10-cv-825-Orl-22DAB

NATHANIEL FRY; ANDREJ MRAZ,
An individual of unknown residence; P. WAWER,
An individual of unknown residence; EMANUEL
COMSA, An individual of unknown residence;
WIRED WEB ENTERTAINMENT LLC;
CHRISTOPHER BREWER, An individual of
unknown residence; NIKOLA KVESIC, An
individual of unknown residence; <TENDERGFS.COM>
and its unknown owner; <FUCKABLEGFS.COM>
and its unknown owner; <BOOBYTWISTER.COM>
and its unknown owner; and John Does 1-500,
individuals unknown;

          Defendants
_____/

## PLAINTIFF'S MOTION TO REVOKE ATTORNEY
## DOUGLAS W. SPRINKLE'S *PRO HAC VICE* ADMISSION

Plaintiff Jane Doe (herein "Doe" or the "Plaintiff"), through counsel, respectfully requests that the Court revoke or, alternatively, enter an Order to Show Cause as to Why Douglas W. Sprinkle's Pro Hac Vice Admission Should not be Revoked.  In support of this motion, Plaintiff avers that Sprinkle has made misrepresentations not only to this Court, but to others as well, and additionally has failed to comply with Local Rule 2.02(a), governing special admissions before the Middle District of Florida.

**1. Sprinkle Has Made Misrepresentations of Fact to This Court that Should Preclude His Admission.**

In his affidavit supporting the motion of Wired Web Entertainment, LLC ("Wired World") (Doc. No. 20) to admit Sprinkle *pro hac vice*, Sprinkle avers that no disciplinary or

grievance proceedings have previously been filed against him.  This is demonstrably false, as the State Bar of Michigan has received at least one request for investigation against Mr. Sprinkle for violating his duties of candor to the tribunal and fairness to opposing counsel.  See State of Michigan Attorney Grievance Commission Request for Investigation of an Attorney, herein "Exhibit A."   Quite simply, Sprinkle has made a material misrepresentation in his sworn Declaration, upon which this Court relied in granting the Pro Hac Vice Admission.  This alone should render the admission invalid.

Sprinkle's alleged misconduct in this grievance proceeding is memorialized by the Sixth Circuit in *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003).  In relevant part, the court found that "*Although [Sprinkle] intimated at oral argument that Mishkoff had in fact initiated the negotiation process, correspondence in the record supports the opposite conclusion, and shows that Taubman first offered Mishkoff $1000 to relinquish the site on August 16, 2001, and Mishkoff initially accepted it under threat of litigation.*" 319 F.3d at 776.

Sprinkle acknowledged this request and ensuing investigation in a December 9, 2003 letter to the Michigan Attorney Grievance Commission, herein "Exhibit B." In this letter, Sprinkle denied the allegations made by the complainant to the Attorney Grievance Commission, but acknowledged their existence.

This inquiry by the Michigan Attorney Grievance Commission and note of Sprinkle's false statements to the Sixth Circuit in a published opinion stands diametrically opposed to the sworn statement in Sprinkle's affidavit.  Not only is this information a matter of public record, but it is astoundingly easy to find; the second result for "Douglas Sprinkle" in a Google internet search is the Request for Investigation attached to this motion as Exhibit A. See Google Search Results for Douglas Sprinkle, herein "Exhibit C."   At the very least, Sprinkle has had a

disciplinary or grievance proceeding filed against him, and his statement to the contrary in the affidavit filed with this Court cannot be true. (Doc. #19 Exh. A ¶ 5.)

Once an attorney is admitted *pro hac vice*, a court may revoke the admission – with notice and hearing – if it cannot rely upon the admitted attorney to make truthful and reliable statements.  In *Kirkland v. National Mortgage Network*, the Eleventh Circuit held that with notice and hearing, the Southern District of Georgia would have been justified in stripping an untruthful attorney of his *pro hac vice* admission. 884 F.2d 1367, 1369, 1372 (11th Cir. 1989). Similarly, in *P.G. Oil Corporation v. Motiva Enterprises, LLC*, denied an applicant's motion for *pro hac vice* admission based on evidence of his prior false statements and misrepresentations, as they constituted violations of Florida Bar Rules 4-3.3(a)(1), 4-8.4(a) and 4-8.4(c), which prohibit false statements to a tribunal, conduct involving fraud, dishonesty, deceit or misrepresentation, and any attempt to violate the rules of professional responsibility. 397 F. Supp. 2d 1359, 1363-64 (S.D. Fla. 2005).

The above statements from the District Court of Massachusetts tend to refute Sprinkle's statement that he has "not been charged in any court of the United States or of any state, territory of possession of the United States with the commission of a felony or unprofessional conduct." (Doc. #19 Exh. A ¶ 7.)   In addition, this conduct likely forms the basis for violations of Florida Bar Rules 4-3.3(a), 4-8.4(a) and 4-8.4(c), and thus should preclude *pro hac vice* admission in this matter, as similar conduct did in *P.G. Oil Corporation*.

### 2. Wired Web's Motion for Sprinkle's Pro Hac Vice Admission (Doc. #20) Did Not Comply with Local Rule 2.02(a), and His Admission Should Be Revoked.

Finally, Wired Web's motion to admit Sprinkle failed to comply with Middle District of Florida Local Rule 2.02(a), which requires "a written designation and consent-to-act on the part

of some member of the bar of this Court, *resident in Florida*."[1] (emphasis added). Ernest Gifford is a member of the Florida Bar, but is not a resident of Florida.  Gifford's website profile, herein "Exhibit D," does not indicate that he is a Florida resident, or much beyond his reputation and legal career in the Detroit metro area.  The Sarasota County Property Appraiser's records, herein "Exhibit E," indicate that Gifford owns property in Florida, but it is not subject to the homestead exemption, as it appears to be merely vacation property.  Consequently, Gifford is not a "Florida resident" within the scope of Local Rule 2.02(a), and cannot move for Sprinkle's *pro hac vice* admission.

## Local Rule 3.01(g) Certification

Co-counsel for the undersigned has conferred in good faith with Mr. Sprinkle in an effort to resolve the issues raised in this motion, but was unable to do so.

## Conclusion

Opposing a fellow attorney's admission to practice *pro hac vice* is not an undertaking that is entered into lightly by any of the attorneys who have signed this Motion.  In fact, none have ever done so, and all conferred at great length with respect to the propriety and necessity of doing so.  The unfortunate and distasteful conclusion was that the undersigned were not only within their rights to bring this Motion, but that the Rules of Professional Responsibility compelled them to do so.

Consequently, the Plaintiff hereby requests that the Court enter an Order revoking Sprinkle's pro hac vice admission.  Should Sprinkle simply withdraw from representation prior to such an order being granted, or the court grants this motion, it is the Plaintiff's position that

---

[1] The rule requires that this be provided within 14 days, however, given that Mr. Sprinkle's "local" counsel is a resident of the State of Michigan, it does not seem that it will be possible for this designation and consent-to-act could be filed in this time period.

the Defendant should be granted an additional 20 days from the date of either action in which to

file a responsive pleading, so that the Defendant is not prejudiced by the conduct of its attorney.

Date:  September 2, 2010

By:  /s/ Kathryn D. Weston
KATHRYN D. WESTON
FLA. BAR NO. 0897701
HEATHER BOND VARGAS
FLA. BAR NO. 230900
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone:  (386) 255-8171
Facsimile:  (386) 248-0323
TRIAL COUNSEL FOR PLAINTIFF


MARC J. RANDAZZA
FLA. BAR NO. 625566
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
Telephone: (619) 209-7767
Facsimile:  (305) 437-7662
CO-COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of September, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent an electronic notification to all counsel of record.


/s/ Kathryn D. Weston
Attorney