# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANE DOE,**

       **Plaintiff,**

**-vs-**                                                                    **Case No.  6:10-cv-825-Orl-22DAB**

**NATHANIEL FRY, ANDREJ MRAZ; P. WAVER; EMANUEL COMSA; WIRED WEB ENTERTAINMENT LLC; CHRISTOPHER BREWER;NIKOLAKVESIC;<TENDERGFS.COM>; <FUCKABLEGFS.COM>;<BOOBYTWISTER.COM>; JOHN DOES 1-500.**

       **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REVOKE ATTORNEY SPRINKLE'S PRO HAC VICE ADMISSION (Doc. No. 22)** |
| **FILED:** | September 2, 2010 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**. | |
| **MOTION:** | **MOTION FOR SANCTIONS (Doc. No. 24)** |
| **FILED:** | September 3, 2010 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

> **MOTION:** MOTION FOR LEAVE TO SUBMIT A DOCUMENT RELATIVE TO MOTION TO REVOKE (Doc. No. 30)
>
> **FILED:** September 16, 2010
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Plaintiff has filed a motion seeking to have the Court revoke the pro hac vice admission of Defendant's counsel Douglas Sprinkle, arguing that Mr. Sprinkle has made misrepresentations to the Court and has failed to comply with Local Rule 2.02(a) governing special admission to the bar of the Middle District.

Plaintiff contends that Mr. Sprinkle failed to disclose to the Court that the State Bar of Michigan has received at least one request for investigation against him for allegedly violating his duty of candor to the tribunal and a fairness to opposing counsel. Doc. 22-2. Plaintiff paints the issue as one of whether "Mr. Sprinkle can be trusted to be honest with this Court." Doc. 29.

Defendant responded to the Motion to Revoke by filing its own Motion for Sanctions for Plaintiff even bringing the Motion to Revoke. Doc. 24). Mr. Sprinkle explains in the Response that the Grievance Commission concluded after considering the complaint (from the *pro se* adversary of Mr. Sprinkle's former client) that Mr. Sprinkle had not engaged in any conduct that constituted misconduct of a Michigan attorney and then closed the file without initiating any grievance or disciplinary proceeding against him; the Michigan Supreme Court ultimately dismissed the appeal brought by the adversary. Thus, no grievance or disciplinary proceeding was initiated against Douglas W. Sprinkle. Doc. 24. There is no evidence that Mr. Sprinkle is not a "member in good standing of the bar" of the District Court in Michigan, as Local Rule 2.02(a) requires.

The Court finds that there is no basis to revoke Mr. Sprinkle's pro hac vice admission. However, the Court admonishes Mr. Sprinkle for his lack of candor in failing to disclose the Grievance Commission Request for Investigation filed against him. Moreover, Mr. Sprinkle chose as local counsel, an attorney who is not "resident in Florida," Ernest I. Gifford, but has his primary residence in Michigan. Mr. Gifford is not a Florida resident within the meaning of the Local Rule and therefore cannot serve as local counsel for Mr. Sprinkle's appearances in this Court. The fact that "Mr. Gifford considers himself to have dual residency in Florida and Michigan" does not make him a resident of Florida, when the main office of his law firm remains in Michigan, he votes in Michigan, and does not have a homestead in Florida. *See* Doc. 29. Mr. Gifford is not qualified to serve as local counsel in this case.

It is **ORDERED** that Plaintiff's Motion to Revoke is **GRANTED in part** and **DENIED in part** and Defendant's Motion for Sanctions is **DENIED.** Mr. Sprinkle's pro hac vice admission is not revoked at this time, subject to his obtaining appropriate local counsel resident in Florida (twelve months out of the year) within **14 days** of the date of this Order.

Finally, the Court observes that an inordinate amount of time and effort have been devoted by counsel to what is an essentially extraneous matter. Going forward, counsel are admonished to concentrate on the merits of the litigation, leaving any issues of personality conflict, and to conduct themselves with the highest degree of professionalism.

**DONE** and **ORDERED** in Orlando, Florida on September 20, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record