**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANE DOE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-825-Orl-22DAB**

**NATHANIEL FRY,**
**et al.,**

        **Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of the parties' Proposed Consent Judgment for Defendant Emanuel Comsa (Doc. No. 71), filed on February 9, 2011. In the proposed judgment, Plaintiff Jane Doe and Defendant Comsa agree to fully resolve all disputes regarding Counts VII and XI. In Count VII, Plaintiff alleged that Defendant gained pecuniary benefit from the unauthorized use on his website of Plaintiff's images and likenesses to advertise his business and to promote his services, in violation of Section 540.08, Florida Statutes.[1] (Doc. No. 1 ¶¶ 88-89).

It appears that it would be inconsistent to permit such a consent judgment in light of the Court's previous decisions regarding the scope of § 540.08. Section 540.08 provides: "No person shall publish, print, display, or otherwise publicly use for purposes of trade or for

---

[1] Count XI requests injunctive relief.

1

any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without [] express written or oral consent . . . ." Fla. Stat. § 540.08(1). Florida courts have limited the application of this statute. The state's highest court has made it clear that the purpose of § 540.08 "is to prevent the use of a person's name or likeness to *directly promote* a product or service because of the way that the use associates the person's name or personality with something else." *Tyne v. Time Warner Entm't Co.*, LP, 901 So. 2d 802, 808 (Fla. 2005) (emphasis added). This direct use is not limited to use in an advertisement; nevertheless, the use must be directly promoting a product or service, not use in the product itself. *See id.* at 810.

The Florida Supreme Court noted in *Tyne* that it agreed with this Court's interpretation of the statute in *Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205 (M.D. Fla. 2002). The plaintiff in *Lane* alleged that the producers, marketers, and sellers of the videotape *Girls Gone Wild* commercially exploited her image, in violation of § 540.08. *Id.* at 1212. This Court held that even though the plaintiff's image and likeness were used to sell copies of the video, the defendants were not liable because the plaintiff's "image and likeness were never associated with a product or service unrelated to that work." *Id.* at 1213. In *Lane*, this Court referenced its earlier decision in *Tyne v. Time Warner Entertainment Co., L.P.*, 204 F. Supp. 2d 1338 (M.D. Fla. 2002). The plaintiffs in *Tyne* were relatives of crewmembers who were killed when their fishing vessel was caught in a storm. *Id.* at 1339. They sued the producers of the movie *The Perfect Storm*, which was based on the story of the crewmembers, for "unauthorized appropriation of decedents' likenesses" and for "unauthorized commercial appropriation of Plaintiffs' likenesses," in violation of § 540.08. *Id.* This Court determined

2

that the plaintiffs had no cause of action under the statute because they "presented no evidence showing that their names and likenesses were used 'to directly promote' *The Perfect Storm*." *Id.* at 1342.

In the instant case, Plaintiff does not allege that the images were used to directly promote a product or service. *See Tyne*, 901 So. 2d at 808. Therefore, Plaintiff does not appear to have a cause of action under the statute. Thus, the Court directs Plaintiff to submit a memorandum demonstrating that she has a cause of action under § 540.08.

Based on the foregoing, it is ORDERED as follows:

1. The Court declines to enter the Proposed Consent Judgment for Defendant Emanuel Comsa (Doc. No. 71), filed on February 9, 2011.

2. On or before March 25, 2011, Plaintiff Jane Doe shall submit a memorandum demonstrating the applicability of Section 540.08, Florida Statutes.

3. Plaintiff Jane Doe shall serve a copy of this Order on Defendant Emanuel Comsa and file a certificate of service with the Court.

4. On or before March 25, 2011, Plaintiff Jane Doe shall submit contact information for Defendant Emanuel Comsa.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on March 4, 2011.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party