**"UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JANE DOE,

        Plaintiff,

v.                                             Case No. 6:10-cv-825-Orl-22DAB

NATHANIEL FRY; ANDREJ MRAZ,
An individual of unknown residence; P. WAWER,
An individual of unknown residence; EMANUEL
COMSA, An individual of unknown residence;
WIRED WEB ENTERTAINMENT LLC;
CHRISTOPHER BREWER, An individual of
unknown residence; NIKOLA KVESIC, An
individual of unknown residence; <TENDERGFS.COM>
and its unknown owner; <FUCKABLEGFS.COM>
and its unknown owner; <BOOBYTWISTER.COM>
and its unknown owner; and John Does 1-500,
individuals unknown;

        Defendants.
_____/

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

NOW COMES Plaintiff Jane Doe ("Doe"), and respectfully requests this Court to grant a default judgment, pursuant to Fed. R. Civ. P. 55(b), against Defendant Nathaniel Fry ("Fry"). In support of her Motion, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.  The Default Judgment Sought Against Defendant Fry is Appropriate in the Circumstances**

   A.  <u>A Default Judgment is Warranted</u>

     1.  On May 21, 2010, Plaintiff filed a Complaint against Defendant Fry for Coercion and Enticement of a Child in Violation of 18 U.S.C. § 2422, Sexual Exploitation of a Minor in Violation of 18 U.S.C. § 2251(a), Transporting Material Involving the Sexual Exploitation of a

Minor in Violation of 18 U.S.C. § 2252(a)(1), Exploited Children's Civil Remedy pursuant to *Fla. Stat.* § 847.01357, Temporary and Permanent Injunctive Relief, and Constructive Trust (Doc. 1). On August 20, 2010, Plaintiff filed her First Amended Complaint, which added defendants but did not change the allegations against Fry. (Doc. 15)

2. Plaintiff served Fry with the Complaint on August 12, 2010 (Doc. 18), and subsequently obtained a Default against Fry when he failed to respond.

3. On January 14, 2011, in its Order denying Plaintiff's Motion for Final Default Judgment as to Fry, the Court determined that Fry had not been properly served with the First Amended Complaint and ordered Plaintiff to re-serve Fry with the First Amended Complaint. (Doc. 61)

4. On April 19, 2011, Plaintiff re-served Fry with the Amended Complaint. (Doc. 95)

5. Fry failed to respond to the First Amended Complaint, and Plaintiff obtained a Default against him on May 17, 2011. (Doc. 110)

6. Defendant Fry is neither a minor, incompetent person, nor in military service or otherwise exempted under the Service members Civil Relief Act. *See* Randazza Decl. ¶4.

7. Therefore, Plaintiff respectfully requests that this Court enter its final Default Judgment pursuant to Fed. R. Civ. P. 55(b) against Defendant Fry, award statutory damages in the amount of three hundred thousand dollars ($300,000.00) pursuant to 18 U.S.C. § 2255(a) and *Fla. Stat.* § 847.01357(1). This is the minimum required by law as each of these statutes authorizes a statutory minimum of $150,000.

    B.    <u>The Specific Relief Sought by Plaintiff is Factually Supported and Authorized by Law</u>

*8.* This Motion for Default Judgment is based on the allegations of the First Amended Complaint (Doc. 15), and Fry has admitted all of the facts therein by failing to respond to either the Initial Complaint or the FAC. This Motion also relies on the facts attested to by the Declaration of Doe's Counsel. These materials are sufficient to justify the requested relief.

*<u>Fry Violated State and Federal Law in Producing Sexually Explicit Images of a Minor</u>*

9. Defendant Fry persuaded, induced, enticed, or coerced Plaintiff to travel from her home in Seminole County, Florida, to his home in Sacramento, California, at a time when the Plaintiff was still a minor. (Doc. 15 ¶¶ 8, 131.)

10. Plaintiff did travel in interstate commerce from her home in Seminole County, Florida, to Fry's home in Sacramento, California, when she was under eighteen years of age. (Doc. 15 ¶ 9.)

11. On April 1, 2007, Fry employed, used, persuaded, induced, enticed or coerced Plaintiff to perform oral sex on him with the intent, and for the purpose, of photographing Plaintiff engaged in performing oral sex. (Doc. 15 ¶ 10, 136.)

12. Fry then photographed Plaintiff while she was performing oral sex on him, and the resulting photos depict Plaintiff, a minor, engaging in sexually explicit conduct. (Doc. 15 ¶ 13.)

13. Defendant Fry demonstrated his intent and willfulness to photograph and distribute sexually explicit images of Plaintiff by writing the date "4/1/07" and his intended distribution channel "/b/" – referring to a sub-forum on the website <4CHAN.COM> – on the palm of his hand, to be displayed next to Plaintiff's face in the resulting photographs. (Doc. 15 ¶¶ 11-12, 133.)

14. Fry did, in fact, upload the sexually explicit photos taken of Plaintiff, a minor, to the publicly available forum website <4CHAN.COM> in its "/b/" sub-forum. (Doc. 15 ¶ 15.)

15. Fry knowingly produced photographs of Plaintiff engaged in actual sexually explicit conduct. He did so with the knowledge that Plaintiff was a minor and with the specific intent of distributing the resulting child pornography on the Internet. (Doc. 15 ¶ 132.)

16. Defendant Fry knew, or had reason to know, that the sexually explicit images of Doe, a minor, would be mailed or transported across state lines or in foreign commerce, <u>including by computer</u>, and those images were, in fact, mailed or actually transported across state lines or in foreign commerce <u>by computer</u>. (Doc. 15 ¶¶ 137-38, 141.)

17. Plaintiff was the victim of a sexual abuse crime perpetrated by Defendant Fry, and a portion of that abuse was the subject of child pornography produced by Fry. (Doc. 15, ¶ 174.)

18. As a direct and proximate result of Fry's conduct, Plaintiff has suffered injuries including, but not limited to, humiliation, embarrassment, pain and suffering, severe emotional distress and damage to her personal and professional reputation. (Doc. 15 ¶ 134, 139, 142, 175-76.)

19. By failing to respond to the Complaint, Defendant Fry has thereby admitted the truth of the foregoing facts. Fed. R. Civ. P. 8(b)(6).

20. Defendant Fry was fully aware of the illegal nature of his acts. He is fully aware of this action, has been served with the Complaint, retained counsel in California to negotiate with the Plaintiff's counsel, has been warned about the consequences of default, and has still failed to participate in this action. *See* Randazza Decl. ¶3. He cannot complain when a default judgment is entered against him.

### *Statutory Damages Are Authorized*

21. Federal statute provides for a Plaintiff to recover the actual damages sustained from personal injury caused by sexual exploitation and abuse suffered as a minor. 18 U.S.C. § 2255(a) (2006). The amount of damages awardable is presumed to be at least one hundred and fifty thousand dollars ($150,000.00). *Id.*

22. Florida statute provides for a Plaintiff to recover the actual damages sustained from personal or psychological injury caused by child pornography produced as the result of a sexual abuse crime. *Fla. Stat.* § 847.01357(1) (2010). The amount of damages awardable is presumed to be at least one hundred and fifty thousand dollars ($150,000.00). *Id.*

23. Rather than occupy the Court's time with a lengthy presentation of proof concerning Doe's damages, and provided this motion is not opposed, Plaintiff elects to recover only the minimum statutory damages awardable for injuries suffered as a result of Defendant Fry's conduct, pursuant to 18 U.S.C. § 2255(a) and *Fla. Stat.* § 847.01357(1).

24. Although both statutes also authorize an award of reasonable attorneys' fees and costs by Doe, she has decided, in the interest of expedience and economy, to forego these remedies, again provided this motion is not opposed.

25. In the event that there is an opposition to this motion, Doe respectfully reserves the right to offer proof of both her damages beyond three hundred thousand dollars ($300,000.00) and the full extent of costs and attorneys' fees incurred in bringing this action against Defendant Fry.

**II.     Conclusion**

26.     For the reasons presented above, and based on the supporting evidence, Plaintiff Doe requests that a default judgment be entered against Defendant Fry in the amount of three hundred thousand dollars ($300,000.00).

27.     If this motion is not opposed, Doe requests entry of the proposed Final Judgment on the basis of the papers.  If, however, there is an opposition, Doe requests such a hearing as the Court deems appropriate, and reserves the right to offer additional evidence at that time.



Dated:  May 23, 2011

By:  /s/Kathryn D. Weston
KATHRYN D. WESTON
FLA. BAR NO. 0897701
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone:  386.323.9276
Facsimile:  386.944.7967
E-mail: kathy.weston@cobbcole.com
TRIAL COUNSEL FOR PLAINTIFF

**RANDAZZA** LEGAL GROUP

MARC J. RANDAZZA
FLA. BAR NO. 625566
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
Telephone: (888) 667-1113
Facsimile:  (305) 437-7662
Electronic Mail: mjr@randazza.com
CO-COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 23, 2011, a copy of the foregoing has been filed with the Clerk of the Court, via the CM/ECF system, which will provide electronic notification of the filing to the following counsel of record:

Alan M. Oravec, P.A.
2042 Bee Ridge Road
Sarasota, FL 34239

and a copy will be furnished by U.S. Mail on May 24, 2011, to the following:

Nathanial Fry
700 Gibson Drive, Apt. 1923
Roseville, CA 95678

              /s/Kathryn D. Weston
              Attorney