**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANE DOE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:10-cv-825-Orl-22DAB**

**NATHANIEL FRY, ANDREJ MRAZ; P. WAWER;**
**EMANUEL COMSA; WIRED WEB ENTERTAINMENT**
**LLC; CHRISTOPHER BREWER; NIKOLA KVESIC;**
**<TENDERGFS.COM>;  <FUCKABLEGFS.COM>;**
**EVGENY GAGUA; JOHN DOES 1-500,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:  PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATE SERVICE UPON DEFENDANT, NIKOLA KVESIC (Doc. No. 120)**
>
> **FILED:      June 16, 2011**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff seeks to serve Defendant Nikola Kvesic in Ontario, Canada by email, because he has claimed that the one official contact address provided for his website is his parents' address and he no longer resides there, and Plaintiff has been unable to locate a valid address for him.  As Plaintiff represents in this Motion and in a prior Motion where service on Kvesic was at issue, Plaintiff has attempted to serve Kvesic at 50 Strathaven Drive #63, Mississauga, Ontario, Canada L5R467, which is the address listed in the official records of the Arizona Secretary of State for his company, Wired

Web Entertainment, LLC[1], an Arizona limited liability company in good standing. Plaintiff contends that, as of June 16, 2011, Kvesic continued to use the Strathaven address as his own with respect to his operation of several websites: www.maturegf.com, www.maturegfs.com, www.blondgfs.com, www.asiagfs.com, and www.ampire.ca, along with the e-mail address wiredwebideas@gmail.com.

Based on Kvesic's use of the Strathaven address as his own home address, Plaintiff served a Notice of a Lawsuit and Request to Waive Service of a Summons along with a Waiver of the Service of Summons, as described in Fed.R.Civ.P. 4, on Kvesic by mail and e-mail on or about December 15, 2011, but Kvesic did not respond. Plaintiff attempted to effect personal service on Kvesic at the Strathaven address on January 11, 2011 (Doc. 70), and Kvesic filed a motion seeking to quash service of process, claiming that the Strathaven address was his parents' home and that he had not lived there in over one year. Doc. 76. Chief Judge Conway granted the Motion to Quash and directed Plaintiff to serve Kvesic within sixty (60) days. Doc. Plaintiff contends that good cause exists to allow service by email, because Kvesic has refused to accept service of process and is "hiding" behind his parents' home address.

For the reasons explained in extensive detail in the Court's previous Order (Doc. 103) allowing service on three other foreign Defendants by e-mail, Plaintiff may serve a foreign Defendant in a country, such as Canada, which is signatory to The Hague Convention of November 15, 1965 on The Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters[2] ("Convention"), and which has not objected to Article 10(a) allowing service directly on persons

---

[1] WIRED WEB has not updated this information since making its initial filing with Arizona in 2008. *See* http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/officer-detail.p?corp-id=L14416470.

[2] See Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 (U.S.T. 1969) (international agreement governing foreign service of process for signatory nations).

abroad[3]. Courts have interpreted Article 10(a) to include electronic mail. *See, e.g., Rio Properties v. Rio Intern. Interlink,* 284 F.3d 1007, 1007(9th 2002); *Lidas, Inc. v. United States,* 238 F.3d 1076, 1084 (9th Cir. 2001) (no requirement of actual receipt of service provided under Hague convention)[4]. Other courts have allowed service by regular mail. *Studio A Entertainment, Inc. v. Active Distributors, Inc.*, No. 1:06cv2496, 2008 WL 162785, *4 (N.D. Ohio Jan. 15, 2008) (allowing service of Canadian defendants by fax, registered mail, or courier service); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. 06-06572, 2007 WL1140639, *2 (holding Canadian defendant could be served via email because the method was not prohibited by the Hague Convention) (N.D. Cal. April 17, 2007); *Curcuruto v. Chesire*, 864 F. Supp. 1410 (S.D. Ga. 1994) (holding service by mail is an acceptable under the internal law of Canada and under Article 10(a) of the Hague Convention); *but see In re Mak Petroleum, Inc.*, 424 B.R. 912 (Bkrtcy. M.D. Fla. 2010) (finding trustee could not effect initial service of process on church in Ontario, Canada by mail under the Hague Convention). Particularly in this case, where Kvesic operates websites and online entities, conducting business solely using the Internet, email is acceptable method for serving Kvesic.

Plaintiff's Motion for Leave to Effect Alternate Service upon Defendant, Nikola Kvesic by email (Doc. No. 120) is **GRANTED** and Kvesic may be served via email delivery to his last known email address: wiredwebideas@gmail.com, and by serving a copy of such service on Kvesic's counsel, Alan Oravec, by certified mail at the address set forth in the Motion.

---

[3]To date, only Argentina, China, the Czech Republic, Egypt, Germany, Greece, the Republic of South Korea, Latvia, Lithuania, Luxembourg, Norway, Poland, the Slovak Republic, Sri Lanka, Switzerland, Turkey, Ukraine, and Venezuela have notified the Hague Conference on Private International Law on that they object to service in accordance with Article 10(a) of the Convention. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 U.S.T 361, 658 U.N.T.S. 163, T.I.A.S. No. 6638, 28 USCA).

[4]*See also* Yvonne A. Tamayo, *Catch Me If You Can: Serving United States Process on an Elusive Defendant Abroad,* 17 Harv. J. L. & Tech. 211 (2003) (discussing cases).

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties