**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JANE DOE,**

        **Plaintiff,**

**-vs-**                                                 **Case No. 6:10-cv-825-Orl-22DAB**

**NATHANIEL FRY, ANDREJ MRAZ, P.**
**WAWER, WIRED WEB**
**ENTERTAINMENT LLC,**
**CHRISTOPHER BREWER, NIKOLA**
**KVESIC, and**
**EVGENY GAGUA,**

        **Defendants.**

_____

**ORDER**

This cause comes before the Court on Plaintiff Jane Doe's ("Plaintiff") Motion for Default Judgment Against Nathaniel Fry ("Defendant Fry"), Andrej Mraz, P. Wawer, and Evgeny Gagua ("Website Defendants") (Doc. No. 157), filed on January 25, 2012.[1]

---

[1] On October 12, 2011, the Court denied Plaintiff's motions for default judgment. (Doc. Nos. 153, 154). In those motions, Plaintiff sought recovery of statutory damages under Section 874.01357 of the *Florida Statutes* (2010) and Section 2252(a) of Title 18 of the *United States Code* against the same Defendants in the present motion. (*Id.*). At that time, the Court raised its concern that the Plaintiff was seeking an impermissible double recovery of statutory damages. Additionally, the Court questioned whether the Website Defendants even came within the jurisdiction of § 847.01357. (*Id.*).

Moreover, now that the Plaintiff has specified the underlying act that brings Defendant Nathaniel Fry ("Defendant Fry's") within the auspices of § 847.01357, the Court also questions whether Defendant Fry's alleged action of using a child less than 18 years of age in a sexual performance comes within Section 827.071(2) of the *Florida Statutes* when the alleged sexual performance occurred in California. (*See* Doc. No. 157 at ¶ 28; Doc. No. 15 at ¶¶ 8-13). This is one of the reasons the Court previously raised a concern when Plaintiff failed to identify in her prior motions for default judgment what sexual abuse crime Defendant Fry committed under Chapters 794,

## I. BACKGROUND

In the age of modern media, the Internet serves as a vehicle for groundbreaking means of communicating across nations and cultures but unfortunately it also serves as a means for ignominious and denigrating acts of sexual exploitation. The sordid events of the present case all began with an Internet encounter on MySpace, the Internet social media website. (Doc. No. 15 at ¶ 6). Plaintiff, then a fifteen year old female, met Defendant Nathaniel Fry, an eighteen year old male, on MySpace. (*Id.*). Soon, the two began to communicate through AOL Instant Messenger, developing "a romantic relationship." (*Id.* at ¶ 7). As the relationship took shape, Defendant Fry persuaded Plaintiff, then

---

800, 827, or 847 of the *Florida Statutes*. (*See* Doc. No. 154). Thus, the Court finds that the Plaintiff has failed to allege well-pleaded facts or provide case law support to state an action for recovery under § 847.01357 against Defendant Fry. Further, Plaintiff has failed to assuage the Court's concerns that Plaintiff is seeking an impermissible double recovery from Defendant Fry.

As well, after the Court raised its concerns in its prior orders, the Plaintiff failed to provide any support whatsoever that satisfied the Court's concern that Plaintiff also was seeking an impermissible double recovery from the Website Defendants. Instead, with respect to the Website Defendants who allegedly re-posted the photos of the Plaintiff online, the Plaintiff attempts to separate the Defendants' actions of possession from receipt and distribution, bringing a claim for possession under § 847.01357 and a claim for receipt and distribution under 18 U.S.C. § 2252(a). (*See, e.g.*, Doc. No. 157 at pp. 8-10). To support this distinction, the Plaintiff states in a conclusory manner that "[t]he federal statutory violation derives from conduct separate and distinct from the conduct that gave rise to [a Website Defendant's] state statutory violation." (*Id.* at ¶ 51). The Court does not find this argument persuasive. Further, the Court finds that Plaintiff did not provide well-pleaded facts to state claims that arose from separate and distinct conduct for all the Website Defendants and has not assuaged the Court's concern regarding potential impermissible double recovery. Additionally, Plaintiff cites statutory language that did not exist in 2010. (*See, e.g.*, *id.* at ¶ 45).

For the foregoing reasons, the Court denies Plaintiff's motion for default judgment based on violations of § 847.01357 against the Defendants. The Court's Order will be limited to whether Plaintiff may recover from the Defendants under 18 U.S.C. § 2252(a).

seventeen years old, to travel from Seminole County, Florida to Fry's residence in Sacramento, California. (*Id.* at ¶¶ 8-9; Doc. No. 15-1 at p. 4).[2]

On April 1, 2007, after Plaintiff arrived in Sacramento, Defendant Fry "employed, used, persuaded, induced, enticed or coerced" Plaintiff to perform oral sex on him. (Doc. No. 15 at ¶ 10). While Plaintiff, a seventeen year old, performed oral sex on Defendant Fry, an adult, Defendant Fry allegedly took photos of the sexual act. As well, prior to the sexual act, Defendant Fry wrote on his hand "4/1/07" and "sup /b/", referring to a sub-forum on the website <4CHAN.ORG>, indicating Defendant Fry's intent, prior to the sexual act, to produce allegedly child pornography and distribute it over the Internet. (*Id.* at ¶¶ 11-12). Defendant Fry's hand containing the writing is visible in multiple photos. (*Id.* at ¶ 13; Doc. No. 15-1 at pp. 1-2).

After their sexual encounter, Plaintiff awoke from a nap to discover Defendant Fry uploading to the sub-folder "b" on <4CHAN.ORG> the photos of Plaintiff performing oral sex on Defendant Fry; Defendant Fry refused to remove the photos despite Plaintiff's demands to remove them. (Doc. No. 15 at ¶¶ 15-16). Either through Defendant Fry or others, the photos became available on other websites for viewing and downloading. (*Id.* at ¶ 18). Thus, with the placing of the photos on the Internet, Pandora's Box was open.

---

[2] *See* Fed. R. Civ. P. 10(c) (2012) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) (citations omitted) (considering attachments to the complaint for purposes of a Rule 12(b)(6) motion does not convert the motion to dismiss into a motion for summary judgment because the attachments are considered part of the pleadings).

In 2009, Plaintiff learned that her co-workers at a restaurant in Seminole County, Florida viewed on the Internet these photos of her. (*Id.* at ¶ 19). Then, in January 2010, Plaintiff discovered that the website, <EXPOSEDEXGFS.COM> was displaying the photos on its website. (*Id.* at ¶ 20). After Plaintiff notified the website's web hosting company in New Jersey about the alleged child pornography, the New Jersey web hosting company terminated the website's account. The website, <EXPOSEDEXGFS.COM>, was immediately re-established, using a Virginia-based web hosting company, and as of the date of the Plaintiff's Amended Complaint, Plaintiff, on information and belief, claims that the website still displays or otherwise uses these photos. (*Id.* at ¶¶ 21-23).

Then, in June and July 2010, Plaintiff learned that the following websites were displaying the photos: <CREAMMYGIRLFRIEND.COM>, <GIRLGAZE.COM>, <TENDERGFS.COM>, <FUCKABLEGFS.COM>, <BLOWJOBGF.COM>, and <BOOBYTWISTER.COM>. On information and belief, Plaintiff identified Andrej Mraz ("Defendant Mraz") as the publisher of <EXPOSEDEXGFS.COM> (*Id.* at ¶ 45), P. Wawer ("Defendant Wawer") as the publisher of <CREAMMYGIRLFRIEND.COM> (*Id.* at ¶¶ 53), and Evgeny Gagua ("Defendant Gagua") as the publisher of <BOOBYTWISTER.COM> (*Id.* at ¶ 119; Doc. No. 111 at ¶ 3; Doc. No. 112).

As to the Website Defendants, Plaintiff claims that they knowingly received or distributed in interstate or foreign commerce the photos of the Plaintiff, a minor engaging in oral sex. (Doc. No. 15 at ¶¶ 143-147). With respect to Defendant Fry, Plaintiff claims that Defendant Fry knowingly transported, or caused to be transported, in interstate or foreign commerce the photos of Plaintiff

engaging in oral sex, the production of which actually involved the Plaintiff as a minor. (*Id.* at 140-142).[3]

The Clerk has entered a default against Defendant Fry and all of the Website Defendants. (*See* Doc. Nos. 110, 118, 121, 82). Therefore, Plaintiff brings the present motion, seeking the Court to enter a final default judgment against all Defendants and award statutory damages. (Doc. No. 157 at ¶ 21).

## II. LEGAL STANDARD FOR MOTIONS FOR FINAL DEFAULT JUDGMENT

Before the court may enter a final default judgment, the clerk must enter a default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against who affirmative relief is sought who fail to 'plead or otherwise defend'" (citation omitted)).

---

[3]In Plaintiff's Amended Complaint, Plaintiff also sought relief against Defendant Fry for violating 18 U.S.C § 2422, 18 U.S.C. 2251(a), 18 U.S.C. §2252(a)(2), and Section 847.01357 of the *Florida Statutes*, and sought relief against the Website Defendant for violating 18 U.S.C. § 2252(a)(2), 18 U.S.C. § 2252A(a)(2), 18 U.S.C. § 2252A(a)(3), Section 540.08 of the *Florida Statutes*, common law negligence, Section 847.01357 of the *Florida Statutes*, and common law invasion of privacy by misappropriation. (*See* Doc. No. 15). As well, Plaintiff sought against all Defendants temporary and permanent injunctive relief and a constructive trust. (*Id.*). However, with respect to her federal claims, Plaintiff only seeks final default judgments against the Defendants based on violations of 18 U.S.C. § 2252A(a)(2). (Doc. No. 157 at ¶ 21). However, in her motion, Plaintiff only focuses on the Defendants' violations of 18 U.S.C. § 2252(a). (*See, e.g.*, Doc. No. 157 at ¶ 83). The crux of the Court's analysis does not change with respect to violations § 2252(a) or § 2252A(a)(2). Further, more accurately, Plaintiff is seeking civil relief pursuant to 18 U.S.C. § 2255. The Court will only address the federal violations. *See supra* note 1.

Notwithstanding the entry of default by the clerk, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] Therefore, the court must evaluate whether it is proper to enter a default judgment. For example, if a defendant never appears or answers a complaint, then the "case never has been placed at issue[,]" and thus, the court may enter a default judgment. *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1134. However, prior to entering a default judgment, the court must verify that the complaint is well pleaded because "[a] 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted); *Nishimatsu Constr. Ltd.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered.").

To determine if a plaintiff's complaint is well-pleaded, the court considers Rule 8(a)(2) of the *Federal Rules of Civil Procedure* and the standard set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (explicating *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955 (2007)). According to *Federal Rule of Civil Procedure* 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. at 1947). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all

---

[4]*See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decision of the former Fifth Circuit prior to the close of business on September 20, 1981).

the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

### III. LEGAL STANDARD AND ANALYSIS FOR RELIEF UNDER 18 U.S.C. § 2252

The Clerk having entered defaults against all the Defendants, the Court must now determine whether Plaintiff's Amended Complaint is well-pleaded. *See* Fed. R. Civ. P. 55; *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

To state a claim for relief under 18 U.S.C. § 2252,[5] the Plaintiff must allege facts showing that the defendant knowingly transported, received, distributed, or reproduced for distribution a visual depiction "knowing, at the time of the transport, receipt, distribution, or reproduction, that said depiction contained images of a minor engaging in sexually explicit conduct." *Tilton v. Playboy Entm't Grp., Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009). Sexually explicit conduct encompasses actual or simulated "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex[.]" 18 U.S.C. § 2256(2)(A)(I). Additionally, the term "knowingly" under § 2252 or § 2252A "extends both to the sexually explicit nature of the material and to the age of the performers." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994); *Tilton*, 554 F.3d at 1378 (stating that knowledge requirements as to age of performer and sexually explicit nature of material applicable to both § 2252 and § 2252A).

---

[5] *See supra* note 3 (discussing how Plaintiff is seeking relief under § 2252A but is arguing that Website Defendants violated § 2252).

As to Defendant Fry, Plaintiff fails to allege that Defendant Fry knew Plaintiff was a minor at the time Defendant Fry transported or distributed the depiction. Plaintiff only alleges that she was fifteen years old when she began communicating through MySpace with Defendant Fry and that she traveled to Sacramento, California when she was seventeen years old (Doc. No. 15 at ¶¶ 6, 8, 9; Doc. No. 15-1 at p. 4); however, none of the allegations state Defendant Fry's knowledge of these age-related facts. Further, Plaintiff's allegation that "Defendant Fry knowingly transported, or caused to be transported, in interstate or foreign commerce, a visual depiction of a minor engaging in sexually explicit conduct, the production of which actually involved the use of a minor engaging in sexually explicit conduct" is a legal conclusion that recites the elements of the statute. *Compare* (Doc. No. 15 at ¶ 141)*, with* 18 U.S.C. § 2252(a)(1). *See also Iqbal*, 129 S.Ct. at 1949 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" (citation omitted)). Therefore, Plaintiff has failed to plead sufficient facts to state a claim for relief against Defendant Fry.

As to the Website Defendants, Plaintiff fails to allege that the Website Defendants knew Plaintiff was a minor at the time they received or distributed the depiction. Plaintiff's allegation that "[t]he Website Defendants knew at least one of the performers in the images was a minor, and knew that the images were of a minor engaging in sexually explicit conduct" is a legal conclusion that recites the elements of the statute. *Compare* (Doc. No. 15 at ¶ 145)*, with* 18 U.S.C. § 2252(a)(2). *See also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" (citation omitted)). Therefore, Plaintiff has failed to plead sufficient facts to state claims for relief against the Website Defendants.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment against Nathaniel Fry, Andrej Mraz, P. Wawer, and Evgeny Gagua (Doc. No. 157), filed on January 25, 2012, is **DENIED**.

2. By April 25, 2012, Plaintiff **SHALL SHOW CAUSE** why the Court should not dismiss Defendants Fry, Mraz, Wawer, and Gagua because as stated above the Court cannot enter a final default judgment against these Defendants. If Plaintiff fails to respond to this order by this date, the Court will dismiss these Defendants without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 9, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party